IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTINE YAZZIE AS WRONGFUL
DEATH PERSONAL
REPRESENTATIVE OF CARLOS
THOMAS YAZZIE, DECEASED,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

No. CIV 19-518 SCY/KK

**UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant United States of America respectfully submits this Answer to Plaintiff's Complaint. Defendant denies any and all allegations in Plaintiff's Complaint that are not specifically admitted. Defendant responds specifically to each numbered paragraph of the Complaint as follows:

**OVERVIEW**

1. Paragraph 1 of the Complaint represents Plaintiff's characterization of the case and conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

**JURISDICTION UNDER THE FTCA**

2. Paragraph 2 of the Complaint represents Plaintiff's characterization of the case and conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

3. Paragraph 3 of the Complaint represents Plaintiff's characterization of the case and conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

4. Defendant admits that the Navajo Nation and the United States Department of the Interior, Bureaus of Indian Affairs, Navajo Regional Office, executed Contract No. A13AV00207, Department of Corrections – Adult Detention, for the period of January 1, 2013, through December 31, 2017, pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. 450 et. seq. (Pub. L. 93-638, as amended). Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

7. Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

9. Defendant admits that Ernestine Yazzie submitted a Standard Form 95 ("SF-95") to the United States Department of the Interior. Defendant asserts that the SF-95 speaks for itself. Defendant admits that the Department of the Interior did not act upon the claim within six months of the filing of the SF-95. The remaining allegations in paragraph 9 of the Complaint contain conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

**PARTIES**

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12.     Defendant admits that the Navajo Division of Public Safety is a division within the Navajo Nation government under which the Navajo Police Department ("NPD") and the Navajo Department of Corrections ("NDOC") operate. Defendant admits that the NPD was operated under Contract No. A16AV00383, Law Enforcement – Patrol Services, for the period of January 1, 2017, through December 31, 2017, and that the NDOC was operated under Contract No. A13AV00207, Department of Corrections – Adult Detention, for the period of January 1, 2013, through December 31, 2017. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

## **VENUE**

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in sentence 1 of paragraph 16 of the Complaint, and therefore denies the same. Sentence 2 of paragraph 16 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

## **FACTS OF THE OCCURENCE**

17. Defendant admits that Carlos Yazzie was arrested on January 11, 2017. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation pertaining to the location of Carlos Yazzie's arrest, and therefore denies the same. Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant admits that, subsequent to his arrest, Carlos Yazzie was transported to jail. Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint, and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies the same.

## COUNT I. NEGLIGENCE

26. Defendant incorporates by reference its responses to paragraphs 1 through 25 as if fully set forth herein.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

32. Paragraph 32 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

## NEGLIGENT TRAINING, ADMINISTRATION AND SUPERVISION

33. Defendant incorporates by reference its responses to paragraphs 1 through 32 as if fully set forth herein.

34. Paragraph 34 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

35. Paragraph 35 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the Complaint, and therefore denies the same.

37. Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

38. Paragraph 38 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

## DAMAGES

39. Defendant incorporates by reference its responses to paragraphs 1 through 38 as if fully set forth herein.

40. Paragraph 40 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the same.

41. The final unnumbered WHEREFORE paragraph is a prayer for relief to which no response is required. To the extent the prayer for relief is deemed to allege facts to which a response is required, Defendant denies same.

42. Defendant denies any allegation not specifically admitted above.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

The following defenses are applicable, where appropriate, to Plaintiff's claims for relief.

I. The Court lacks jurisdiction over the subject matter of some or all claims in this action.

II. The Complaint fails to state a claim upon with relief can be granted.

III. The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the FTCA.

IV. Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

V. No acts or omissions by the United States were the proximate cause of any injury to the Plaintiff.

VI. The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

VII. In the event that the United States is found to have been negligent, which negligence is denied, the negligence of Carlos Yazzie was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

VIII. Plaintiff's recovery, if any, should be reduced by any offsets and credits available by law or regulation, including, but not limited to, those available as a result of benefits paid to or on behalf of Plaintiff.

IX. Plaintiff failed to exhaust her administrative remedies and this court lacks subject matter jurisdiction.

X. Plaintiff lacks standing to bring some or all of the claims in this action.

XI. The Defendant has, or may have, further and additional defenses which are not yet known to the Defendant, but which may become known through future discovery. The Defendant reserves the right to later assert each and every defense as may be ascertained through future discovery herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, United States of America prays that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, judgment be entered for the United States, that Plaintiff be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Cassandra Casaus Currie 8/8/19*
CASSANDRA CASAUS CURRIE
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
cassandra.currie@usdoj.gov
 (505) 224-1530

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2019, I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

   Forrest G. Buffington: Forrest@barberborg.com

                                  */s/ Cassandra Casaus Currie 8/8/19*
                                  CASSANDRA CASAUS CURRIE
                                  Assistant United States Attorney