IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTINE YAZZIE AS WRONGFUL
DEATH PERSONAL REPRESENTATIVE
OF CARLOS THOMAS YAZZIE, DECEASED,

    Plaintiffs,

v.                                                          No. CIV 19-518 JB/KK

UNITED STATES OF AMERICA,

    Defendant.

**THE UNITED STATES OF AMERICA'S
MOTION TO EXCLUDE PLAINTIFF'S EXPERT REPORT**

Defendant United States of America moves the Court to exclude the testimony of Plaintiff's "corrections expert" Cameron Lindsay, regarding causation as set forth in Plaintiff's Expert Disclosures ("Expert Report"), attached as Exhibit A, because Mr. Lindsay is not qualified to opine regarding causation and because his opinions are conclusory and unsupported. Pursuant to Rules 26(a)(2)(B) and 37(c) of the Federal Rules of Civil Procedure, Mr. Lindsay's testimony is limited to the opinions disclosed in his expert report. Because the opinions offered in Dr. Lindsay's report are unreliable and inadmissible, his testimony should be excluded in its entirety.

The United States contacted Plaintiff's counsel for Plaintiff's position, and he is opposed.

I. BACKGROUND

Plaintiff filed the subject lawsuit on June 5, 2019. (Doc. 1). Plaintiff served the attached expert report on January 2, 2020. Exhibit A. On April 15, 2020, the United States served its

expert report, a copy of which is attached as Exhibit C. On July 2, 2020, the parties filed a joint motion to extend the discovery deadlines. (Doc. 47). The proposed order submitted to the Court requests an extension of the discovery deadline to October 23, 2020, the deadline for filing motions related to discovery to November 7, 2020, and the deadline to file pretrial motions to November 21, 2020.

Plaintiff's Expert, Mr. Lindsay, is a self-described "corrections expert" who reports that he has a Bachelor of Science degree in Criminal Justice, a Master of Arts in Counseling, and a Master of Science in Safety. Exhibit A at 11-12. In his report, Mr. Lindsay lists standards and procedures purportedly taken from the United States Department of Justice's Federal Bureau of Prisons manual titled "Detoxification of Chemically Dependent Inmates," the American Correctional Association's "Core Jail Standards," and the National Commission on Corrections Health Care manual, however, none of these standards and procedures are applicable to Navajo Department of Corrections facilities, including the Shiprock corrections facility. Ex. A at 17-21; Declaration of Delores Greyeyes attached as Exhibit B. In fact, Mr. Lindsay notes that "the NNDOC [does] not require their jails and prisons to be ACA accredited." Exhibit A, at 19. Mr. Lindsay opines that "[i]t appears that the death of Carlos Yazzie occurred as a direct result, and predictable result, of the violation of these standards" without identifying specific applicable standards and without further explanation. Exhibit A at 17. Mr. Lindsay further opines that "Mr. Yazzie['s] serious health need was not met, which led to his death" again, in a conclusory manner and without further explanation. Exhibit A at 20. Finally, Mr. Lindsay states that his "opinions are rendered to a reasonable degree of professional certainty." Exhibit A, at 11.

## II. ANALYSIS

A.  <u>The Testimony of Mr. Lindsay Regarding Causation Is Unreliable and Inadmissible.</u>

Pursuant to Rules 26(a)(2)(B) and 37(c) of the Federal Rules of Civil Procedure, Mr. Lindsay's testimony at trial is limited to that disclosed in his expert report. Based on his expert report, Mr. Lindsay's opinion testimony regarding causation is unreliable and inadmissible.

1.  <u>Cameron Lindsay's Testimony Is Limited To His Expert Report.</u>

Pursuant to Rules 26(a)(2)(B) and 37(c) of the Federal Rules of Civil Procedure, Mr. Lindsay's testimony at trial is limited to that disclosed in his expert report. Rule 26 requires a detailed report setting forth all opinions and the basis for those opinions:

> (2) *Disclosure of Expert Testimony*.
>
> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--. . . . The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> \* \* \*

Fed. R. Civ. P. 26. Any information not included in the expert report may not be used at trial:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) Failure *to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37. Expert reports must include "how" and "why" the expert reached a particular

result, "not merely the expert's conclusory opinions." *Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). This is because expert reports "are intended not only to identify the expert witness, but also "to set forth the substance of the direct examination." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002), quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993). Accordingly, Mr. Lindsay's testimony is limited to that set forth in his expert report for this motion, at a hearing, or at a trial. *Leviton Mfg. Co. v. Nicor, Inc.*, 245 F.R.D. 524, 530-31 (D.N.M. 2007); *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003).

      2.      <u>Cameron Lindsay's Causation Opinion is Unreliable and Inadmissible.</u>

The Federal Rules of Evidence allow for expert testimony pursuant to Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. To determine whether an expert's causation opinion is admissible, the court undertakes a two-step analysis. First, the court determines whether the expert is "qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). Second, the court determines whether the causation opinion is "reliable" under the principles set forth under *Daubert. Id.* Mr. Lindsay is neither qualified to render an expert opinion on causation, nor is his opinion reliable.

4

      a.    <u>Cameron Lindsay is not qualified to render an expert opinion on causation.</u>

Mr. Lindsay is not qualified to render an expert opinion on causation. Mr. Lindsay claims that "[i]t appears that the death of Carlos Yazzie occurred as a direct result, and predictable result, of the violation of these standards" without identifying specific applicable standards and without further explanation. Exhibit A, at 17. Mr. Lindsay further opines that "Mr. Yazzie['s] serious health need was not met, which led to his death" again, in a conclusory manner and without further explanation. Exhibit A, at 20. Worse yet, Mr. Lindsay does not disclose professional experience that would enable him to credibly reach such a conclusion. Exhibit A. Mr. Lindsay is not a doctor and has no experience providing emergency medical care, let alone emergency medical care of a patient with acute alcohol toxicity. *Id.* Mr. Lindsay is a self-described "corrections expert" who reports that he has a Bachelor of Science degree in Criminal Justice, a Master of Arts in Counseling, and a Master of Science in Safety. *Id.* at 11-12. Nothing in Mr. Lindsay's report indicates that he has skills, training, knowledge, education, or experience upon which he could draw to reach a conclusion regarding the cause of Mr. Yazzie's death or that the failure to obtain medical treatment resulted in Mr. Yazzie's death. Exhibit A.

"The proponent of expert testimony bears the burden of demonstrating the expert's qualification." *Taber v. Allied Waste Sys., Inc.*, No. 15-6113, 2016 WL 737328, at *5 (10th Cir. Feb. 25, 2016). Plaintiff cannot meet his burden. "To qualify as an expert, a proposed witness must possess 'such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth.'" *Taber v. Allied Waste Sys., Inc.*, 642 Fed. App'x 801, No. 15-6113, 2016 WL 737328, at *5 (10th Cir. Feb. 25, 2016) (quoted authority omitted). Mr. Lindsay is not qualified to testify regarding medical care in general, or whether the failure to provide medical

-

care caused Mr. Yazzie's death. *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994) ("The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question."). Because Mr. Lindsay does not have skills, experience, or knowledge in providing medical care to a patient suffering from acute alcohol toxicity, his opinions that "Mr. Yazzie['s] serious health need was not met, which led to his death" and that "the death of Carlos Yazzie occurred as a direct result, and predictable result, of the violation of [unspecified prison] standards" is unreliable and inadmissible.

        b.        <u>Cameron Lindsay's opinion on causation is not reliable.</u>

Mr. Lindsay's opinion on causation is not reliable. There is no indication that his opinions are made with a reasonable degree of medical probability, or that he is qualified to do so in the first place. Exhibit A. Mr. Lindsay makes no attempt to explain his opinions and he does not describe the type of medical care that would have purportedly prevented Mr. Yazzie's death, as he is not qualified to do so. *Id.* Mr. Lindsay does not rely on scientific or medical research to support his causation theory. *Id*. Mr. Lindsay's conclusory opinions without any explanation are unreliable and inadmissible.

"[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). *Daubert* set forth a non-exclusive checklist for trial courts to use in assessing the reliability of scientific expert testimony. The specific factors explicated by the *Daubert* Court are (1) whether the expert's technique or theory can be or has been tested—that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether

the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community. Fed. R. Evid. 702, Advisory Committee Notes, 2000 Amendments; *Daubert*, 509 U.S. at 593-94. The list is not exclusive, and district courts applying *Daubert* have broad discretion to consider a variety of other factors. *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1205 (10th Cir. 2002).

Here, Mr. Lindsay provides no rationale or explanation for his causation opinion. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Mr. Lindsay's methodology is non- existent, and therefore unreliable. *Goebel v. Denver & Rio Grande W. R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) ("To be reliable under *Daubert,* an expert's scientific testimony must be based on scientific knowledge, which 'implies a grounding in the methods and procedures of science based on actual knowledge, not mere 'subjective belief or unsupported speculation.'"). It is insufficient to claim that the mere absence of care caused Mr. Yazzie's death. *Rhoads v. Hanco Int'l*, No. 02-CV-1018-D, 2003 WL 25685521, at *3 (D. Wyo. Jan. 24, 2003) ("a temporal relationship cannot be the sole basis for a causation opinion where it is not based on scientific methodology").

Without more than Mr. Lindsay's subjective, unsubstantiated causation opinions, his opinions are inadmissible. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987) ("without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is

not admissible."); *Benedict v. Zimmer, Inc.*, 405 F. Supp. 2d 1026, 1034-35 (N.D. Iowa 2005) (opinions are inadmissible when they are "conclusory" and are "not supported by specific facts from the record and do not contain any analysis.").

### III. CONCLUSION

For the foregoing reasons, the Court should exclude Plaintiff's expert's opinions on causation.

JOHN C. ANDERSON
United States Attorney

*/s/ Cassandra Casaus Currie 9/16/20*
CASSANDRA CASAUS CURRIE
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
E-mail: cassandra.currie@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

Forrest G. Buffington: forrest@barberborg.com

*/s/ Cassandra Casaus Currie 9/16/20*
CASSANDRA CASAUS CURRIE
Assistant United States Attorney